|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| | | |
|---|---|---|
| FRANK C. WARREN, | | 3:16-cv-00482-RCJ-VPC |
| | Plaintiff, | |
| v. | | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| | Defendant. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for remand and/or reversal (ECF No. 15), defendant's cross-motion to affirm (ECF No. 21), and plaintiff's reply (ECF No. 23). For the reasons set forth herein, the court recommends that plaintiff's motion be denied, and defendant's cross-motion be granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 25, 2011, Frank C. Warren ("plaintiff") protectively filed for Social Security Disability Insurance ("SSDI") benefits under Title II of the Social Security Act, alleging a disability onset date of January 1, 2011. (Administrative Record ("AR") 16, 130, 371.) The Social Security Administration denied plaintiff's application in the first instance on September 1, 2011, and upon reconsideration on November 18, 2011. (*Id.* at 146–149, 151–153.)

On August 30, 2012, plaintiff appeared at a hearing before Administrative Law Judge ("ALJ") Janice E. Shave and received a partially favorable decision on September 10, 2012. (*Id.* at 129–137.) Plaintiff requested a review by the Appeals Council and the matter was remanded for further proceedings. (*Id.* at 140–143.) The ALJ held two additional hearings on August 25, 2014 and May 12, 2015. (*Id.* at 29–36, 74–123.) Jacklyn A. Benson-DeHaan, a vocational expert ("VE"), appeared at the May 12, 2015 hearing. (*Id.* at 29–36.) After considering the new

testimonial, medical and vocational evidence, the ALJ issued a written decision on June 17, 2015, finding that plaintiff failed to establish disability through June 30, 2014, the date last insured. (*Id.* at 15–28.) Plaintiff again appealed, and the Appeals Council denied review on July 6, 2016. (*Id.* at 1–7.) Accordingly, the ALJ's decision became the final decision of the Commissioner ("defendant").

Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on April 21, 2016. (ECF No. 1.) In her motion for remand or reversal, plaintiff contends that (1) plaintiff's due process rights were violated at the remand hearings as the ALJ did not permit him to present evidence for the time period after February 26, 2012, and (2) the ALJ's credibility determination lacked the support of substantial evidence. (ECF No. 15.)

## II. STANDARD OF REVIEW

The initial burden of proof to establish disability in a claim for SSDI benefits rests upon the claimant. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To satisfy this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

This court has jurisdiction to review an ALJ's decision to deny a claim for benefits after the claimant has exhausted all administrative remedies. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161–62 (9th Cir. 2012). The court must affirm the ALJ's decision unless it rests on legal error or is unsupported by substantial evidence in the administrative record. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is not onerous. It is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation omitted).

Although the ALJ need not discuss every piece of evidence in the record, she cannot ignore or omit evidence that is significant or probative. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th

Cir. 2012). The ALJ's discussion must adequately explain the decision in light of such evidence. "The ALJ, not the district court, is required to provide specific reasons for rejecting [the evidence.]" *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (specifically discussing rejection of lay testimony). The district court's review is thus constrained to the reasons asserted by the ALJ. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision; it "may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation omitted). Where "the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (internal quotation omitted). The ALJ alone is responsible for determining credibility and resolving ambiguities. *Garrison*, 759 F.3d at 1010.

### III. DISCUSSION

**A.     SSDI claims are evaluated under a five-step sequential process.**

The Commissioner follows a five-step sequential process for determining whether a claimant is "disabled" for the purposes of SSDI. 20 C.F.R. § 404.1520(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one directs the ALJ to determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the Commissioner denies the claim. *Id.* § 404.1520(b).

The second step requires the ALJ to determine whether the claimant's medically determinable impairment is "severe." *Id.* § 404.1520(a)(4)(ii). "Severe" impairments are those that significantly limit the claimant's physical or mental ability to do basic work activities. *Id.* § 404.1520(c). The Commissioner will deny the claim if the claimant lacks a severe impairment or combination of impairments. *Id.*

At step three, the claimant's impairment is compared to those listed in the Social Security Regulations at 20 C.F.R. Pt. 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). The list in Appendix 1 "define[s] impairments that would prevent an adult, regardless of his [or her] age, education, or work experience, from performing *any* gainful activity, not just substantial gainful

activity." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (internal quotation omitted) (emphasis in original). Where the claimant's impairment is on the list, or is equivalent to a listed impairment, and the claimant also meets the corresponding durational requirement, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). However, for an impairment to match a listing, "it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Zebley*, 493 U.S. at 530 (emphasis in original).

If the Commissioner does not find disability at step three, review of the claim proceeds to step four. There, the ALJ considers whether the claimant can perform past relevant work despite the severe impairment. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled. *Id*. § 404.1520(e). The ALJ will find that the claimant can return to past relevant work if he or she can perform the "actual functional demands and job duties of a particular past relevant job" or the "functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation omitted).

In making the step four determination, the ALJ considers the claimant's RFC and the physical and mental demands of the work previously performed. 20 C.F.R. § 404.1520(f); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). The RFC is the most the claimant can do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). To determine the claimant's RFC, the ALJ must assess all the evidence, including medical reports and descriptions by the claimant and others of the claimant's relevant limitations. *See id*. § 404.1545(a)(3). The ALJ is not, however, required to accept as true every allegation the claimant offers regarding his or her limitations. *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007). The ALJ must follow a two-prong inquiry where the claimant alleges subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007); *see also* SSR 96-7p, 61 Fed. Reg. 34483 (July 2, 1996). First, the ALJ determines "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (internal quotation omitted). Second, if the first prong is met and

no evidence suggests that the claimant is a malingerer, the ALJ may reject the claimant's allegations only by articulating "clear and convincing" reasons for doing so. *Id*.

The "clear and convincing" standard is the most demanding standard in Social Security case law, *Garrison*, 759 F.3d at 1015, and it requires the ALJ to "specifically identify the testimony she or he finds not to be credible and [to] explain what evidence undermines the testimony," *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). The ALJ must therefore cite to the record and discuss specific evidence therein. *See Vasquez v. Astrue*, 572 F.3d 586, 591–92, 592 n.1 (9th Cir. 2008); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ may consider a variety of factors in weighing a claimant's credibility, including inconsistencies in a claimant's testimony, his or her reputation for truthfulness, an inadequately explained failure to seek treatment, or a lack of support from the medical evidence. 20 C.F.R. § 404.1529(c); *Orn*, 495 F.3d at 636. The focus, however, is ultimately upon the reviewing court. The credibility determination must be "'sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony.'" *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (quoting *Rollins v. Massanari*, 261 F.3d 853, 856–57 (9th Cir. 2001)).

If step four demonstrates that the claimant cannot do the work he or she did in the past, the burden shifts to the Commissioner to establish, in step five, that the claimant can perform jobs available in the national economy. 20 C.F.R. § 404.1560(c). There, the ALJ must consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007). The ALJ will typically reference "the grids," under which a finding of disability may be directed, and also consider the testimony of a VE. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). Where the grids do not direct a finding of disability, the ALJ must identify other jobs that the claimant can perform and which are available in significant numbers in the claimant's region or in several regions of the United States. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1560(c). If the ALJ establishes that the claimant's RFC and transferable skills allow him or her to perform other occupations, the claimant is not disabled. 20 C.F.R. § 404.1566.

Conversely, if the ALJ concludes that the claimant cannot adjust to any other work, he or she is disabled and entitled to benefits. *Id*. § 404.1520(g).

**B.     The ALJ followed the five-step process and concluded that plaintiff was not disabled.**

In reviewing plaintiff's claims for benefits, the ALJ followed the five-step process described above.  The ALJ first determined that plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 1, 2011, through his date last insured of June 30, 2014.  (AR 18.)  At step two, the ALJ found that plaintiff's status post lumbar fusion and degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine with evidence of spinal cord compression, and obesity were severe impairments that significantly limited his ability to perform basic-work related functions.  (*Id.*)  The ALJ considered evidence of other complaints and diagnoses, including but not limited to, vision problems, neoplasm of the brain, diabetes mellitus, gastroesophageal reflux disease, hyperlipidemia, hypertension, and respiratory and sinus problems, but found those to be non-severe.  (*Id.* at 18–19.)  At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment.  (*Id.* at 19–20.)

The ALJ proceeded to step four and made several findings.  To begin, the ALJ concluded that plaintiff had the RFC to perform light exertional work, but with some limitations.  (*Id.* at 20.)  For example, that he cannot climb ladders, ropes, or scaffolds; he can occasionally stoop, kneel, crouch, crawl, and climb stairs and ramps; and he cannot perform work that requires repetitive or prolonged twisting of the lower back.  (*Id.*)  The ALJ also found that he should avoid concentrated exposure to vibration, unprotected heights, and hazardous or moving machinery.  (*Id.*)  Finally, that plaintiff is limited to work including a sit/stand option, allowing him to shift from sitting or standing alternatively at one-hour intervals throughout the workday.  (*Id.*)  Next, the ALJ found that plaintiff's impairments could be expected to cause the symptoms alleged, but that his statements regarding the intensity, persistence, and limiting effects of those symptoms were not entirely credible.  (*Id*. at 20–25.)  In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and factors weighing against plaintiff's credibility, including inconsistency with plaintiff's reported daily activities, and

generally routine conservative treatment. (*Id.*) Finally, the ALJ determined that through the date last insured, plaintiff was unable to perform any past relevant work. (*Id.* at 25–26.)

Proceeding to step five, and relying on the testimony of the VE, the ALJ determined that plaintiff's age, education, work experience, and RFC would allow him to perform occupations existing in significant numbers in the national economy, such as: project manager (construction), estimator, and shipping order clerk. (*Id.* at 27–28.) Accordingly, the ALJ held that plaintiff was not disabled at any time from the alleged onset date of January 1, 2011, through the date last insured of June 30, 2014, and denied his SSI claim. (*Id.* at 28.)

**C.     Plaintiff was afforded due process.**

Plaintiff first argues that the ALJ prevented him from fully presenting testimony at the remand hearings, thus denying him due process. (ECF No. 15 at 20.)

The Fifth Amendment to the Constitution protects citizens from the deprivation of property by the government without due process of the law. U.S. CONST. amend. V. Applicants for social security disability benefits have a constitutionally protected property interest in those benefits. *Gonzalez v. Sullivan,* 914 F.2d 1197, 1203 (9th Cir. 1990). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).)

Plaintiff argues that at the remand hearings, the ALJ did not allow plaintiff or his attorney "to fully present testimony regarding the time period after February 16, 2012 because [the ALJ] consistently stated that she had already found [plaintiff] disabled as of February 16, 2012 and limited the testimony to the time period before that date." (ECF No. 15 at 20.) Plaintiff contends that because the ALJ ultimately issued an unfavorable decision, the ALJ was required to give plaintiff an opportunity at the remand hearings to present evidence regarding the full time period in question–the alleged onset date of January 1, 2011, through the date last insured of June 30, 2014. (*Id.* at 20–23.) Plaintiff asserts that because the ALJ limited the testimony that was presented, plaintiff was denied due process. (*Id.*)

To support this assertion, plaintiff points to specific statements made by the ALJ during the remand hearings. (*Id.* at 21.) During the August 25, 2014 hearing, the ALJ stated:

> **ALJ:** Okay, okay. So perhaps at this point we could focus on the time period that's at issue.
>
> **ATTY:** Okay.
>
> **ALJ:** Which would be January 1st, 2011 to February 16, 2012. So I guess I'm kind of also not really sure why we're going to leave the record open for additional evidence because I already found him eligible as of February 16, 2012.

(AR 108–109). At the May 12, 2015 hearing, the ALJ stated:

> **ALJ:** This, this hearing is about the difference between January 1, 2011 when you alleged you became disabled and perhaps you have the date when I found him disabled.
>
> **ATTY:** 2/26/12 I think.
>
> …
>
> **ALJ:** So that's what the holdup has been, you disagreed so this is all over that one year that you disagreed with.

(*Id.* at 88.) Plaintiff asserts that these statements by the ALJ show that his due process right was violated. (ECF No. 15 at 22.) To further support his assertion, plaintiff discusses the Ninth Circuit case, *Solis v. Schweiker*, which addressed a judge's ability to limit or deny cross-examination in social security disability cases. 719 F.2d 301 (9th Cir. 1983). In *Solis*, the Ninth Circuit found that the ALJ abused his discretion by denying a plaintiff's request to cross-examine a witness crucial to the ALJ's decision. *Id.* Plaintiff asserts that similar to *Solis*, plaintiff had a due process right to present evidence of his disability for the entire time period, but the ALJ explicitly limited the testimony at both remand hearings, thus violating that right. (ECF No. 15 at 23–24.)

Defendant takes a different view and claims that plaintiff was afforded due process and provided a full and fair opportunity to be heard. (ECF No. 21 at 3–7.) The court agrees. Upon examining the entirety of the remand hearing transcripts, it is clear that plaintiff was given an opportunity to present evidence for the entire period at issue. (*See* AR 74–123.) For example, at the beginning of the August 25, 2014 hearing, the following exchange occurred:

8

> **ALJ:** All right. [Plaintiff], let's start with some basics. Your claim begins January 1st, 2011. Is that, is that still the alleged onset?
>
> **ATTY:** Yes, Your Honor.
>
> **ALJ:** And in order to be eligible for Title II benefits you must demonstrate eligibility prior to June 30, 2014, your date last insured.

(*Id.* at 94–95.) The ALJ then went on to question the plaintiff about the time period after February 16, 2012. (*Id.* at 98–101.) Plaintiff testified about his work in real estate since March 2012. (*Id.*) He was questioned and testified about his current daily activities, symptoms, and medication usage, noting that he currently took pills for blood pressure, his stomach, diabetes, baby aspirin, and Ibuprofen for pain. (*Id.* at 99–101.) Further, at the supplemental hearing on May 12, 2015, the ALJ specifically explained to plaintiff:

> **ALJ:** … And I just want to be sure, [plaintiff], that you understand that when you appeal my decision you appeal the entirety of it. So it is possible that in this decision I could find that you were not eligible at all, and not just for a delayed onset but that there was no eligibility whatsoever. So there we are with the history. I think that's the procedural history. [Counsel], did I get that right or wrong, and if I'm wrong could you correct me on the procedural please?
>
> **ATTY:** No, that was right, Your Honor.

(*Id.* at 78.)

At no time during the hearings was plaintiff told he could not provide evidence relevant to the period at question, and plaintiff's counsel made no such objections during either hearing. While the ALJ made isolated comments about the prior finding of disability as of February 16, 2012, when viewing the transcripts as a whole, it is clear that plaintiff was provided an opportunity to fully present testimony. Plaintiff was provided an opportunity to be heard "at a meaningful time and in a meaningful manner," *Mathews*, 424 U.S. at 333, and therefore, plaintiff was afforded due process.

**D. The ALJ permissibly discounted plaintiff's subjective testimony.**

Finally, plaintiff argues that the ALJ erred by articulating legally insufficient reasons for discrediting plaintiff's subjective pain allegations. (ECF No. 15 at 23–27.) Because no evidence

9

suggested that plaintiff was malingering, the ALJ was required to provide clear and convincing reasons for discounting plaintiff's testimony. *Lingenfelter*, 504 F.3d at 1036. The court may consider only the reasons the ALJ asserts, and cannot make independent findings. *Connett*, 340 F.3d at 874.

Here, the ALJ articulated four main reasons for discounting plaintiff's subjective complaints: (1) the extent of plaintiff's daily activities; (2) the conservative nature of his treatment; (3) lack of permanent functional limitations placed on plaintiff by his treating physicians; and (4) that the objective evidence in the record did not support plaintiff's complaints. (AR 20–25.) The court discusses each in turn.

First, plaintiff's daily activities are a clear and convincing reason to find plaintiff less credible. The Ninth Circuit has warned ALJs to "be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016. Still, a claimant's daily activities may support an adverse credibility finding where the activities contradict his or her testimony, as they do here. *Orn*, 495 F.3d at 639. Plaintiff reported and testified that he can take care of personal needs and grooming, prepare his own meals and cook dinner daily, perform household chores such as laundry, vacuuming, and mowing the lawn, drive, grocery shop, handle financial matters, and watch television and read daily. (AR at 98–101, 422–429.) Further, plaintiff testified that he is able to work up to twenty hours per week at his part-time job. (*Id.* at 98–99.) The ALJ reasonably found that plaintiff's activities were inconsistent with the impairments alleged, and thus that his allegations were not fully credible. (*Id.* at 21–22).

Second, the ALJ permissibly cited the conservative nature of plaintiff's treatment. Here, the ALJ found that despite claims of disabling pain, plaintiff reported a ninety percent reduction in pain after surgery, to the point he only needed to take pain medication intermittently, and he declined further surgery. (*Id.* at 22–25, 998, 957–959, 1039.) Further, despite plaintiff's claims of mental impairment, medical evidence reflected a lack of significant mental health treatment, as there is nothing in the record showing that plaintiff ever saw or was referred to a mental health

professional. (*Id.* at 25.) The Ninth Circuit has observed that "although a conservative course of treatment can undermine allegations of debilitating pain, such fact is not a proper basis for rejecting the claimant's credibility where the claimant has a good reason for not seeking more aggressive treatment." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). However, the *Carmickle* court qualified this nuance by explaining that the record in that case demonstrated the unavailability of more aggressive treatment options. *Id.* Otherwise, the Ninth Circuit has typically deemed conservative treatment with pain medication to be a legally sufficient reason for discounting credibility, as is a discrepancy between the frequency of treatment and the level of pain alleged. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Molina*, 674 F.3d at 1113–14; *Tommasetti*, 533 F.3d at 1039 (deeming permissible the ALJ's inference that the claimant's favorable response to conservative treatment undermined his allegations of disabling pain). In this case, the ALJ cited exactly these reasons (*see* AR 21–25), and the record supports this determination (*see, e.g.*, *id.* at 998, 957–959, 1039) (showing that plaintiff limited his pain medication usage, reported improved back pain, and declined further surgery). The determination is free of error.

Finally, the court reviews together the ALJ's last two reasons for discrediting plaintiff's testimony: the lack of permanent functional limitations placed on plaintiff by his treating physicians and the objective evidence in the record. The ALJ's citation to the lack of strong support provided by the objective medical evidence is a "clear and convincing" reason for discrediting plaintiff's testimony. Based on the totality of the medical evidence, the ALJ concluded that the evidence provided an insufficient basis to find disability. The ALJ supported her determination by pointing to the findings of plaintiff's treating physicians, specialists, consultative examiners, and state agency consultants. (AR 22–25.) The ALJ also discussed clinical findings from medical exams noting things such as, a ninety percent improvement of plaintiff's reported pain after surgery, he was off pain medications for a period of two months, his back pain improved post-operatively, he had a normal range of motion of the cervical and lumbar spine, and he demonstrated normal sensory and motor strength bilaterally. (*Id.*, citing AR 957–959, 987, 998, 1001–1004.) The ALJ's conclusion that the objective medical evidence did not

strongly support plaintiff's allegations is therefore supported by substantial evidence in the record. Although a lack of objective medical evidence cannot be the sole basis for discounting credibility, the ALJ may properly consider it among other factors. *Burch*, 400 F.3d at 681.

Finally, to the extent that plaintiff argues that the ALJ was bound by her prior credibility determination (ECF No. 15 at 26–27), the court disagrees. As discussed above, plaintiff was sufficiently on notice that an appeal of the ALJ's decision constituted an appeal of the entire period at question. (*See* AR at 78.) Further, the remand order of the Appeals Council states that the ALJ should: "[e]valuate the [plaintiff's] subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms." (*Id.* at 142.) Accordingly, based on the above, substantial evidence supported the ALJ's adverse credibility finding.

### IV. CONCLUSION

Based on the above, the court finds that plaintiff was afforded due process and the ALJ did not err in her assessment of plaintiff's credibility. Accordingly, the court recommends that plaintiff's motion for remand (ECF No. 15) be denied and that defendant's cross-motion to affirm (ECF No. 21) be granted.

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for remand or reversal (ECF No. 15) be **DENIED** and defendant's cross-motion to affirm (ECF No. 21) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: August 31, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**